**James Thomas TRENT, Plaintiff and Respondent,**

v.

**June Sharon TRENT, Defendant and Appellant.**

No. 20916.

Supreme Court of Utah.

March 31, 1987.

Brent D. Young, Provo, for defendant and appellant.

Ralph C. Amott, Provo, for plaintiff and respondent.

HALL, Chief Justice:

Defendant appeals the order of the district court which modified the parties' decree of divorce to provide for specific child visitation privileges. It is her contention that the court erred in exercising jurisdiction in an inconvenient forum.

The district court of Utah County entered a decree of divorce in favor of plaintiff on January 15, 1980. By the terms of the decree, custody of the parties' six minor children was awarded to defendant, subject to reasonable rights of visitation in plaintiff.

On May 10, 1985, plaintiff, by means of an order to show cause, sought the assistance of the court in enforcing his visitation rights and also sought a modification of the decree to more specifically define those rights. The matter was set for hearing on June 7, 1985, but was continued to June 21, 1985, and again to July 12, 1985, at the request of counsel for defendant. On June 26, 1985, defendant filed the decree of divorce as a foreign judgment in the state of Idaho, defendant's place of residence. On July 9, 1985, defendant moved to dismiss plaintiff's order to show cause, claiming Utah was an inconvenient forum. Defendant's affidavit in support of her motion states in pertinent part:

3. On the 16th day of July, 1979, I was served with the complaint which led to the divorce. I was served in Ada County, State of Idaho....

4. My six children, whose names and ages are set forth below, have lived with me at 2356 Warm Springs Avenue, Boise, Idaho, for the past six years....

....

6. The children attend school at the following schools:

Adams Elementary School, Boise, Idaho

East Junior High School, Boise, Idaho

7. The children have never lived in the State of Utah. The children have no contact with the State of Utah as they have never lived there.

8. Because the Utah decree has been filed in the County of Ada, State of Idaho, and because all information with respect to the care, custody, control and well-being of the children is only available in Idaho, and because the children have never been in Utah, it is my feeling that the question of visitation and custo-

dy should be reviewed in the State of Idaho where the children live.

Following several hearings, the court denied defendant's motion to dismiss on the ground of *forum non conveniens*, concluding that since the issue was limited to one of visitation in contrast with one of custody, the Utah forum was not rendered inconvenient. Thereafter, on stipulation of the parties, the court modified the decree so as to provide for at least two weeks' visitation each summer and up to one month at the request of the minor children.

Defendant does not contend that the Utah court was without jurisdiction, only that it should have declined to exercise jurisdiction in favor of Idaho.

The Utah Uniform Child Custody Jurisdiction Act[1] cites among its general purposes the need to assure that child custody litigation ordinarily be confined to the state having closest connection with the child and other family members to insure the ready availability of significant evidence.[2] In addition, section 78–45c–7 of the Act lists several factors which apply when deciding whether the court should exercise its jurisdiction:

(3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

(a) If another state is or recently was the child's home state;

(b) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;

(c) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(d) If the parties have agreed on another forum which is no less appropriate; and

(e) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 78–45c–1.

Application of the foregoing factors to the facts and circumstances of this case leads to the conclusion that the court did not abuse its authority in declining to relinquish jurisdiction.

First, notwithstanding the fact that the Act broadly defines "custody determination" as including visitation rights,[3] the issue here is not one of custody in any sense of the word. Furthermore, no substantial issue is presented concerning the visitation rights to be afforded plaintiff. In fact, defendant's affidavit does not frame any contested issue regarding either plaintiff's right to visit at specified times and places or any adverse effect such visits might have upon the best interests of the children. Under these circumstances, to compel plaintiff to seek enforcement of visitation rights in Idaho does not comport with the obvious purpose and intent of the doctrine of *forum non conveniens* espoused in the Act.

Second, defendant made no showing of prejudice or that the interests of the children would best be served by relinquishing jurisdiction to Idaho. Defendant also made no showing that needed evidence was more readily available in Idaho. On the contrary, the court having denied the motion to dismiss, the parties promptly stipulated the basis for the court's modification of the decree to permit specific visitation periods.

It appears that the ruling of the trial court comports with the best interests of the parties, including the children, and its order is affirmed.

No costs awarded.

I. DANIEL STEWART, Associate C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

1. U.C.A., 1953, § 78–45c–1 through –26 (Repl. Vol. 9A, 1977 ed., Supp.1986).

2. *Id.* at § 78–45c–1(1)(c).

3. *Id.* at § 78–45c–2(2).